**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | | |
|---|---|---|
| Fidelity & Guaranty Life Insurance Company, | ) ) ) | Civil Action No. 1:14-cv-03949-JMC |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER FOR DEFAULT JUDGMENT** |
| Eddie E. Sherlock and Willis Walker, Sr., as Personal Representative of the Estate of Ronnie T. Walker, | ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff Fidelity & Guaranty Life Insurance Company's ("Plaintiff") Motion for Default Judgment against Defendant Willis Walker, Sr. ("Defendant"), as Personal Representative of the Estate of Ronnie T. Walker. (ECF No. 14.) For the reasons set forth below, the court **GRANTS** Plaintiff's motion.

I. Introduction

Plaintiff filed this declaratory judgment action on October 10, 2014, seeking a declaration by the court that a certificate of life insurance (the "Certificate") on the life of Ronnie T. Walker ("Walker") is void *ab initio* and of no force and effect. (ECF No. 1.) Plaintiff further requested that the court declare that Plaintiff had no obligation to pay the death benefit under the Certificate.

    A. Jurisdiction and Venue

The court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332 based on diversity of citizenship of the parties. Additionally, this action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C.

§§ 2201–2202, and Federal Rule of Civil Procedure 57.

    B.  <u>Process and Service</u>

The Complaint was served on Defendant Eddie E. Sherlock ("Sherlock") by delivering a Summons and Complaint to his residence at 6 Edwards Drive in North Augusta, South Carolina and leaving them with Theresa Carroll, his mother.  (ECF No. 5.)  Process was also served on Defendant by delivering the documents to him personally at 3325 Tate Road in Augusta, Georgia on November 12, 2014.  (ECF No. 6.)

    C.  <u>The Dismissal of Sherlock</u>

The court is informed that after being served with process Sherlock signed a release of any and all claims against F&G.  F&G has voluntarily dismissed Sherlock from this action.  (ECF No. 8.)

    D.  <u>Grounds for Entry of Default</u>

Defendant has not timely filed an Answer or other pleading, as reflected in the Affidavit of Default filed on December 9, 2014.  (ECF No. 7-1.)  The Clerk of Court properly entered default as to Defendant on December 9, 2014.  (ECF No. 11.)  On January 7, 2015, F&G filed its Motion for Entry of Default Judgment.  (ECF No. 14.)

II.  <u>Findings of Fact</u>

When a defendant is in default for failure to respond to the complaint, the court should accept the facts pled in the complaint.  *See* Fed. R. Civ. P. 8(b)(6); *see also DIRECT TV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2009).  "A defendant in default concedes the factual allegations of the complaint."  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  Having reviewed Plaintiff's Complaint, Answers to Local Rule 26.01 Interrogatories, Acceptance of Service Forms, Motion for Entry of Default, Motion for Entry of

Default Judgment, as well as all supporting and supplemental information provided, the court makes the following factual findings:

1. On June 26, 2006, an application for life insurance was completed seeking a Certificate from Plaintiff providing coverage on Walker's life. (ECF No. 1 at 2 ¶ 7.) The application was completed in North Augusta, South Carolina. (*Id.*) The application indicated that the primary beneficiary was Sherlock. It further noted that Sherlock would be paying the premiums on the Certificate, and that Sherlock was the "brother" of Walker. (*Id.*) The contingent beneficiary was designated in the application as "Estate." (*See id.*) Walker did not consent to or authorize this application for insurance on his life. (*Id.* at 3 ¶ 13.) Additionally, he was never the brother of Sherlock, nor did he ever have any familial relationship with Sherlock. (*Id.* at 2 ¶ 8.)

2. On June 30, 2006, Plaintiff issued the Certificate, bearing a number ending in -5427, under Group Policy No. 0000000111. (*Id.* at 3 ¶ 9.) The Certificate named Walker as the insured, and the death benefit was in the amount of $225,000.00. (*Id.*) Sherlock made each of the premium payments that were paid on the Certificate. (*Id.* at ¶ 10.)

3. The Certificate later lapsed for nonpayment of premiums and was terminated effective March 30, 2012. (*Id.* at ¶ 11.) An application for reinstatement was submitted by Sherlock and received by Plaintiff on August 27, 2012. (*Id.* at ¶ 12.) Required premium payments were made by Sherlock, and Plaintiff reinstated the Certificate. (*Id.*) As with the original application, Walker did not consent to or authorize the reinstatement application. (*Id.* at ¶ 13.)

4. Walker died on November 21, 2013. (*Id.* at ¶ 14.) Sherlock made a request to Plaintiff through its counsel seeking payment of the death benefit under the Certificate. (*Id.* at ¶

15.) In response, Plaintiff commenced this action seeking a declaration that the Certificate is void *ab initio*. (*Id.* at 5 ¶ 19.)

III. Conclusions of Law

1. The Complaint in the present case sufficiently pleads a lack of insurable interest. Under South Carolina law, a life insurance policy is "void for lack of insurable interest" when there is no established familial relationship between beneficiary and insured and "the beneficiary . . . procured and paid for the policy without the knowledge of the insured." *Foster v. United Ins. Co.*, 158 S.E.2d 201, 202-03 (S.C. 1967); *see also Elmore v. Life Ins. Co. of Va.*, 198 S.E. 5, 6 (S.C. 1938) ("[W]hen one takes out an insurance policy upon the life of another, making it payable to himself, as here, and himself paying the premium[,] . . . the beneficiary must have an insurable interest in the life insured, else it falls under the ban of the law as a wagering contract.").

2. Because Defendant is in default, he is deemed to have admitted the allegations contained in Plaintiff's Complaint. Those allegations include the fact that Sherlock had no familial relationship with Walker, that Sherlock applied for the policy and paid all the premiums, and that Walker did not authorize or consent to the insurance on his life. Accordingly, it is appropriate to enter judgment against Defendant and in favor of Plaintiff declaring that the Certificate is void *ab initio* because of Sherlock's lack of an insurable interest in Walker's life.

**WHEREFORE**, it is **ORDERED** that a judgment in favor of Plaintiff Fidelity & Guaranty Life Insurance Company be entered against Defendant Willis Walker, Sr., as Personal Representative of the Estate of Ronnie T. Walker, declaring that the Certificate issued by Plaintiff is void *ab initio* and of no force and effect and that Plaintiff has no obligation to pay the death benefit under the Certificate nor any other obligation under the Certificate.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 26, 2015
Columbia, South Carolina

5